[Civ. No. 18794.   Second Dist., Div. Three.   June 30, 1952.]

C. L. NYE, Appellant, v. GIACOMO DOTTA, Respondent.

Marshall Stimson, Noel Edwards and Charles Murstein for Appellant.

Bodkin, Breslin & Luddy and Peter E. Giannini for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment in his favor.

On October 26, 1945, plaintiff, owner of agricultural land, made the following lease to defendant to raise alfalfa:

"Lease for 30 acres corner Gale & Hasciendo
Mr. Giacomo Dotta & C. L. Nye.
C. L. Nye to furnish seed and water and land.
G. Dotta to furnish all work and deliver ½ crop
to 4611 Fifth Ave. Walnut
In case of cancellation of lease C. L. Nye to pay
Mr. Dotta $30.00 per acre, less 1/36 for each month
from Jan. 1, 1945."

Defendant took possession and planted hay the first year with plaintiff's approval; thereafter he raised alfalfa. Because it was necessary to plant hay the first year due to unfavorable weather conditions, the parties orally agreed that the lease be extended one year. Defendant remained in possession after January 1, 1949, maintained his irrigation pipes on the property, and did all acts necessary to insure a good crop. The first cutting for the 1949 season was full and mature and ready to be made about March 12, 1949. On March 12, 1949, plaintiff attempted to terminate the lease by sending defendant a letter dated March 11, 1949, reading:

"I wish to terminate our agreement regarding the farming of the 30 acres at Gale and Hacienda St., Puente as of March 1, 1949. I am doing this as I am changing the operation of my Fifth Ave., Walnut ranch.

"While legally our agreement terminated January 1, 1949, the inability of getting alfalfa established the first year and the usual agreement on alfalfa being three years, I had intended to allow you to operate the ranch until January of 1950. In order to be fair to you I am going to pay you for the next ten months that is from March 1, 1949 at our agreed price of 1/36 of $25.00 per acre or each month of the 3 yr. period, ie $208.33.

"This is not due to any dissatisfaction with you or your work, but solely from a business necessity. I will be at the ranch Saturday afternoon and Sunday, March 19th and 20th."

Plaintiff enclosed his check for $208.33 payable to defendant. Defendant returned the check. Plaintiff then gave defendant a check for $250 which the court, on substantial evidence, found defendant did not cash or accept as payment but returned to plaintiff.

On May 28, 1949, plaintiff took possession of the premises and removed alfalfa therefrom of the value of $1,482.82. During 1949 and prior to May 28, defendant received plaintiff's share of alfalfa from the property of the value of $1,205.71, and did not pay it to plaintiff.

Plaintiff sued for an accounting of all alfalfa removed from the property by defendant, for its value, and for $2,500 damages for two crops of hay alleged to have been destroyed by defendant after March 12, 1949. Defendant counterclaimed for $1,750 damages alleged to have been sustained by him by plaintiff's appropriation of the crop after May 28, 1949. Plaintiff had judgment for $464.30. He appeals, asserting he should have had more.

Plaintiff argues that the $250 check was accepted by defendant and, as we understand him, that he is entitled to the value of all alfalfa cut after March 12, 1949, on the theory that the lease was terminated on that date. The evidence supports the finding that defendant did not accept the $250 check as payment. Defendant did not cash the check; he returned it. He testified that at the time he took the check he told plaintiff "I am entitled to at least the first crop, at least, because I been take care of the land." He also testified: "Q. When you accepted this check of $250 from Dr. Nye, you accepted the check on the basis that it was a cancellation of a three-year alfalfa lease? A. I took it as cancellation of the lease. I don't know what— He didn't say three years or what it was." It is apparent from an examination of defendant's testimony that he speaks in broken

English and that he did not say that he took the check in cancellation of the lease, as plaintiff argues, but that he was merely repeating the effect of the question. Plaintiff testified that defendant objected to his terminating the lease, that he felt he was entitled to continue.

Plaintiff also argues that defendant received $2,453.35 for the alfalfa cut after March 12, 1949; that the court found plaintiff's share was $1,205.71 when it should have been $1,226.67, one-half of $2,453.35, a difference of $20.96. He also says the value of the alfalfa cut by plaintiff after May 28, 1949, was $1,177.28; that the court found one-half to be $741.41 when it should have been $588.64, a difference of $152.77. He says he should have had judgment for an additional $173.73 ($20.96 plus $152.77).

The principal contention of plaintiff is that the lease was terminated on March 12, 1949. He is in error. The term of the lease was until January 1, 1949. Defendant held over and retains possession for more than 60 days after the January 1, 1949, without any demand for possession or notice to quit by plaintiff. If a tenant of agricultural land holds over and retained possession for more than 60 days after expiration of the term without any demand of possession or notice to quit by the landlord, he is deemed to be holding by permission, of the landlord, and is entitled to hold under the terms of the lease for another full year. (Code Civ. Proc., § 1161(2).) If plaintiff had the right under the lease to terminate it at will, as he argues, the lease created a tenancy at will (15 Cal.Jur. 640, §§ 48, 49), and ·it could only be terminated by plaintiff's ·giving notice in writing to defendant in the manner ·prescribed by section 1162 of the Code of Civil Procedure, to remove from the premises within a period of not less than 30 days to be specified in the notice. (Civ. Code, § 789.) ■ The notice here was an attempt to retroactively terminate the lease and was wholly without effect; consequently, defendant is entitled to half the value of all alfalfa cut after March 12, 1949.

Plaintiff's calculations are erroneous. The value of the alfalfa taken by plaintiff after May 28 is $1,482.82, and not $1,177.28 as asserted by plaintiff, and one-half is $741.41 as found by the court, not $588.64 as stated by plaintiff. Plaintiff fails to take into account between 60 and 70 tons of alfalfa which plaintiff did not sell but used on the ranch. The evidence with respect to the amount received by defendant for the alfalfa he sold after March 12 is confus-

 133

ing. We cannot say that the court was not justified in finding that the value of one-half was $1,205.71. Plaintiff was awarded all he is entitled to.

The suggestion is made that the findings are inconsistent. This comes about by reason of the fact that there is a finding that on March 1, 1950, the lease continued in force for another full year by operation of law. In the light of the entire record it is evident that the figure "1950" is a typographical error and that the correct year is "1949." Plaintiff is not prejudiced.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.